```
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-22-19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

RM and SM, infants by and through their parent and
natural guardian SHARON FAUST,

JL, an infant, by and through his parent and natural
guardian BERNADETTE TORRES,

and

SHARON KEMP, individually and on behalf of her infant
son AH,

                                      Plaintiffs,

      -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, MIEASIA EDWARDS
KERRIANNE HARRISON, SCHOOL SAFETY OFFICER
JOHN DAVIS, JOHN & JANE DOE NOS. 1-5 EMPLOYEES
OF THE DEPARTMENT OF EDUCATION, PARTNERSHIP
WITH CHILDREN AND KASEEM GORDON,

                                      Defendants.
------------------------------------------------------------------X

Docket No.: 18-cv-09763
(PAC)(RWL)

**AMENDED INFANT
INFANT COMPROMISE
ORDER (REPLACING
DKT. 43)**

Upon review of the petition of Sharon Faust, parent and natural guardian of the infants RM and SM, duly sworn to the 14th day of November 2019; the petition of Bernadette Torres, parent and natural guardian of infant JL duly sworn to the 14th day of November 2019; the petition of Plaintiff Sharon Kemp individually and on behalf of her infant son, AH; and the affirmation of Tahanie A. Aboushi, Esq., attorney for plaintiffs, dated the 14th day of November, 2019; and and upon all of the papers, pleadings and proceedings heretofore had herein; and it appearing that the best interests of the infants will be served by approval of this settlement;

**NOW**, on motion of Plaintiffs' attorneys, it is

**ORDERED**, that the aforesaid parents and natural guardians of the infant plaintiffs, be

1

and hereby is authorized and empowered to settle the action against the Defendants for the sum of One-Hundred and Eighty-Five Thousand Dollars ($185,000.00); and it is further ordered that the aforesaid sum shall be apportioned and paid by an insurer on behalf of all defendant(s) as follows:

**ORDERED** that the aforesaid insurer for Defendants pay the aforesaid settlement sum as follows:

(A) The sum of $64,800.00 ($4,700.00 for costs and $60,100.00 for fees) to the order of the above-named attorneys for the plaintiff as and for attorneys' fees, inclusive of all disbursements and expenditures made on plaintiff's behalf; and

(B) The sum of $40,066.00 to SHARON FAUST the aforesaid parent and natural guardian of infants RM and SM. Of the $40,066.00 amount, $10,000.00 shall be placed in an investment account, including but not limited to an annuity account of the infant Plaintiff RM, and $10.000.00 shall be placed in an investment account, including but not limited to an annuity account of the infant Plaintiff SM and her parent and natural guardian's choosing. The remainder of $20,066.00 is to be deposited in a checking account with a Financial Institutioning institution, and held therein for the use and benefit of infant-plaintiffs RM and SM, and;

(C) The sum of $39,066.00 to SHARON KEMP the aforesaid parent and natural guardian of infant AH. Of the $39,066.00 amount, $10,000.00 shall be placed in an investment account including but not limited to an annuity account of the Plaintiff and his parent and natural guardian's choosing. The remainder of $29,066.00 is to be deposited in a checking account with a Financial Institutioning institution, and held therein for the use and benefit of said infant and;

(D) The sum of $1,000.00 shall be made out to SHARON KEMP personally, and it is further ordered;

(E) The sum of $40,066.00 to BERNADETTE TORRES the aforesaid parent and natural guardian of infant JL. Of the $40,066.00 amount, $10,000.00 shall be placed in an investment account including but not limited to an annuity account of the Plaintiff and his parent and natural guardian's choosing. The remainder of $30,066.00 is to be deposited in a checking account with a Financial Institutioning institution, and held therein for the use and benefit of said infant, and it is further **ORDERED**, that upon full payment of all of the aforesaid amounts, defendants shall have no further liability herein; and it is further

**ORDERED**, that the funds deposited in the accounts described above shall be held therein for the use and benefit of each infant, subject to the further order of this Court; and it is further

**ORDERED**, that each financial institution where the above accounts are held ("Financial Institution") shall place the invested funds in the highest interest bearing time accounts or certificates of deposit, and said certificates and accounts shall be renewed upon maturity, provided, however, the maturity date of such certificates and accounts or any renewal thereof, shall not extend beyond the date of each infant's eighteenth (18th) birthday; and it is further

**ORDERED**, that in the event that the balance of the aforesaid account(s) and/or certificates exceeds the then prevailing Federal Department Insurance Corporation limits, the officer-trustee of said Financial Institution and each infants' guardian herein are directed to notify the Court so that a further designation of an individual depository may be made in order to keep the balance of each such account and certificate within federally insured limits; and it is further

**ORDERED**, that the Financial Institution shall pay over all monies held in the aforesaid certificates and accounts to each infant plaintiff herein upon demand and without further Court order when the infants reach the age of eighteen (18) years upon presentation of proper proof and compliance with the Financial Institution rules of withdrawal; and it is further

**ORDERED**, that each year (or quarterly as the case may be) during the minority of the infant plaintiffs, upon presentation to each Financial Institution of a duly executed income tax return or other document showing the amount of income or estimated tax due on behalf of the infant, said Financial Institution shall provide the infants' guardian herein with checks made payable to the Internal Revenue Service and/or State and/or Municipal Taxing Authority to which said income tax is owed by said infants. However, said checks shall be only for such amounts as may be due and payable for that portion of the infants' personal income tax liability attributable to income earned on said accounts including interest and penalties thereon as shown on any official bill therefor issued by the taxing authority. Said check and/or checks shall identify the infant and said infant's social security number in order to insure that said amounts are being made for the benefit of the infant; and it is further

**ORDERED**, that said Financial Institutions be and hereby are authorized without further order of this court to pay out of the infants' Financial Institution accounts, reasonable fees for the preparation of any income tax, return or estimated income tax return or accounting that may be required to be filed by or on the infant's behalf. Said fees shall not exceed $250 without the further order of the Court; and it is further

**ORDERED**, that in the event of the death of an infant plaintiff on or prior to the 18th birth date of said infant, all of the aforesaid sums described in (each) said Financial Institution shall be paid to the estate of said infant plaintiff, or to the designated beneficiary of said estate in the same amount and in the same manner as hereinbefore set forth; and it is further

**ORDERED**, that the cause of action for loss of services and/or medical expenses of the guardian be and the same hereby is dismissed without costs and with prejudice; and it is further

**ORDERED**, that conditioned upon compliance with the terms of this order, the aforesaid

parents and natural guardians of the infant plaintiffs, be and hereby is authorized and empowered to execute and deliver a general release and all other instruments necessary to effectuate the settlement herein; and it is further

**ORDERED**, that if it appears that any government agency may attach a lien to the infants' payment, this Order may be amended to allow the creation of a Supplemental Needs Trust for the benefit of the infant and the Supplemental Needs Trust will be substituted as the payee of the payments; and it is further

**ORDERED**, that the filing of a bond be dispensed within accordance with the applicable provisions of the SDNY Local Civil Rules.

Dated: November 21, 2019

_____
Robert W. Lehrburger
United States Magistrate Judge